IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUDITH RIVERA-RIVERA ET AL.,

Plaintiffs,

v.

TOYS "R" US, INC.,

Defendant.

CIVIL NO. 10-1786 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On August 16, 2010, plaintiffs Judith Rivera-Rivera filed a complaint on her behalf and of her two minor children (hereafter "plaintiffs") for an incident amounting to a state tort that took place at the Toys R Us store located in San Juan, Puerto Rico. Plaintiffs invoked in the instant case diversity jurisdiction against herein defendant TOYS "R" US, Inc.[1] Title 28, United States Code, Section 1332.

On January 3, 2011, defendant TOYS "R" US filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction based on lack of diversity. Defendant TOYS "R" US, the company included by plaintiffs as herein federal defendant, is not the owner nor did it manage neither operate the Toys R Us store in San Juan where the incident alleged by plaintiffs took place. In addition, the Toys R Us store in question is indeed a Puerto Rico corporation. Since plaintiffs are also citizens of Puerto Rico, defendant avers the Court has no subject matter jurisdiction for lack of complete diversity.

---

[1] Plaintiffs have made a claim for damages under Article 1802-1803 of Puerto Rico Civil Code, 31 P.R. Laws Ann. §§5141-5142.

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 2

On March 1, 2011, the Court referred the case to this Magistrate Judge for all further proceedings, including the entry of judgment. (Docket Nos. 26 and 27).

Plaintiffs have failed to oppose defendant's averments for which dismissal will be allowed as briefly discussed below for it is now clear from the record, and without need of an evidentiary hearing, this federal court lacks jurisdiction.

### STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[2] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[3]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n.

---

[2] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

[3] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 3

2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's "'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

Still, under Fed.R.Civ.P. 12(h)(3) upon the Court determining at any time that it lacks subject matter jurisdiction, it must dismiss the action.

**LEGAL DISCUSSION**

A perusal of the complaint filed by plaintiffs clearly shows that diversity is the only conceivable basis for federal subject matter jurisdiction. Title 28, United States Code Sections 1331, 1332.[4]

The cause of action alleged by plaintiffs is predicated on a tort when the plaintiffs visited the store of Toys R Us located in San Juan, Puerto Rico. (Docket No. 1, Complaint ¶¶1, 2). Defendant Toys "R" Us, a business dedicated to retail sale of toys and juvenile products, is alleged in the complaint to be a corporation organized and existing under the laws of Delaware, with headquarters located in Wayne, New Jersey. (*Id*. ¶6). Toys "R" Us is claimed to be jointly responsible for the acts or omissions of its personnel, including the Store Manager, the Security Guard and any other employee involved in the incident [at the San Juan store on February 13, 2010]. (*Id*. ¶¶7, 18).

---

[4] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
   Section 1332 (a)(1) provides for diversity of citizenship and jurisdiction amount required for district court to have original jurisdiction between citizens of different States.

---

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 4

Defendant herein TOYS "R" US, a Delaware Corporation, submitted its request for dismissal for absence of subject matter jurisdiction upon lack of diversity. The corporation that owns the San Juan store, where the incident in question occurred, is identified properly as Toys R Us, a separate and distinct corporation, which is organized and operating under the laws of the Commonwealth of Puerto Rico. (Docket No. 14, Exhibit 1, Certificate of Incorporation). Said proper defendant Toys R Us has the same citizenship as plaintiffs for which diversity would be lacking. (Docket No. 14, pp. 5-7).

As courts of limited jurisdiction, federal courts have the duty to construe jurisdictional grants narrowly. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *See* Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. Casas Office Machines v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994). An absence of subject matter jurisdiction can be raised at any time. Am. Fiber & Fin, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138-39 (1st Cir. 2004).

For purposes of diversity jurisdiction, citizenship usually is equated with domicile. Valentín v. Hospital Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). A person is a citizen of the state in which he is domiciled. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991). For purposes of Section 1332(c) in diversity jurisdiction, a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

Defendant in this case has challenged federal jurisdiction claiming herein defendant TOYS "R" US has nothing to do with the operation, management or affairs of the Toys R Us store in San Juan where the incident alleged by plaintiffs took place. Plaintiffs are aware of said fact for they had already initiated a state action against the San Juan store in the San Juan Superior Court, where therein defendant Toys R Us has filed its answer admitting being the entity in charge of the store depicted in the state complaint.

Insofar as the Toys R Us store, same is a citizen of Puerto Rico, as well as plaintiffs, for it is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, where it operates, provides support, keeps its inventory and from where all local activities are managed. Said corporation's employees are residents of Puerto Rico who file income tax returns in Puerto Rico. Toys R Us keeps its files in Puerto Rico, submits its income and property tax returns, maintains bank accounts in Puerto Rico and submits its annual corporate reports in Puerto Rico. Thus, a corporation such as Toys R Us store in San Juan, which operates independently of its alleged parent company, and which keeps all its corporate records and accounts in Puerto Rico, holds its principal place of business in Puerto Rico, is considered, for purposes of diversity, a citizen of Puerto Rico and if included herein as a defendant would not allow for subject matter jurisdiction to exist for lack of diversity jurisdiction. Rodriguez v. SK & F Co., 833 F.2d 8 (1st Cir. 1987).

Furthermore, once jurisdiction is challenged, "the party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008 (quoting Bank One, Texas N. A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)).

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 6

Puerto Rican law and the tort statute herein provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. Tit. 31, §5141. Failure to perform an act gives rise to a cause of action only when there is a legal duty to act. Muñiz v. National Can Corp., 737 F.2d 45, 147-148 (1st Cir. 1984).

Under Puerto Rico law, to establish jurisdiction over the parent corporation based in action of subsidiary, if we are to considered that Toys R Us store in San Juan is a subsidiary of herein defendant TOYS "R" US, which it has not been alleged in the complaint, a party must produce strong and robust evidence of control by the parent company over the subsidiary, rendering the corporate entity a mere shell. *See* De Castro v. Sanifill, Inc., 198 F.3d 282 (1st Cir. 1999). A parent company may not be subject to jurisdiction merely because its subsidiary resides in the forum. González v. Walgreens Co., 878 F.2d 560, 561 (1st Cir. 1989);[5] Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 616 (1st Cir. 1988).

Plaintiffs herein have failed to address defendant TOYS "R" US contention in the motion to dismiss as to having no control over Toys R Us store in San Juan[6] or as to the sworn statement of Mr. Adolfo A. Roselló-Rodríguez attesting to the facts above indicated as to the independent activities of Toys R Us in San Juan which further sustains Toys R Us

---

[5] González v. Walgreens holds that the mere use of the name "Walgreens" was not enough to assert jurisdiction over the out-of-state franchisor in a cause of action alleging negligence of the franchisee. *See* Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 26 (1st Cir. 2007).

[6] The principal of limited liability is one of the hallmarks of corporate law. DeBreceni v. Graf Bros. Leasing, Inc., 828 F.2d 877, 879 (1st Cir. 1987).

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 7

be considered a citizen corporation of Puerto Rico, which defeats diversity.[7] (Docket No. 14, Exhibit 2).

TOYS "R" US included as defendant in this federal action is not the corporation engaged in the operation of any business in Puerto Rico, which proposition has not been opposed or replied by plaintiffs. Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal and *in personam* jurisdiction. *See* Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

In the absence of a reply or opposition to defendant's motion to dismiss for lack of subject matter jurisdiction, as to which plaintiff is bound to present evidence,[8] which if credited, would support a finding of jurisdiction, and having plaintiffs failed to do so, further considering the pleadings and documents before the Court reasonably lead to the conclusion there is no jurisdiction for lack of diversity. Accordingly, dismissal of the instant case is warranted.

**CONCLUSION**

In view of the foregoing, the Motion to Dismiss filed by defendant TOYS "R" US, for lack of subject matter jurisdiction, is GRANTED. (Docket No. 14).

---

[7] Under the factual predicates of the complaint filed which lacks facts essential, it could become an issue, as to which the standard is *prima facie,* whether it supports personal jurisdiction over defendant TOYS"R"US that the record shows was served with summons in New Castle County, Delaware.

[8] Plaintiff has the burden of showing that jurisdiction exists. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992); Ealing Corp.v. Harrods Ltd., 790 F.2d 978, 979 (1st Cir. 1986).

Judith Rivera-Rivera et al., v. Toys "R" Us
Civil No. 10-1786 (CVR)
Opinion and Order
Page No. 8

     Judgment to be entered accordingly, dismissing the complaint, with prejudice.

     IT IS SO ORDERED.

     San Juan, Puerto Rico, this 12th day of May of 2011.

                                           s/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ-RIVE
                                           UNITED STATES MAGISTRATE JUDGE